# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES E. FULTON, a/k/a<br>JAMES E. FULTON, III | CIVIL ACTION |
| VERSUS | NO: 09-3077 |
| LEXINGTON INSURANCE COMPANY | SECTION: "C" (2) |

### ORDER AND REASONS[1]

Before the Court is an opposed Motion for Summary Judgment, filed by plaintiff James E. Fulton, III. Rec. Doc. 7. Defendant Lexington Insurance Company (LIC) opposes. Rec. Doc. 39. Based on the record in this case, the memoranda by parties, and the applicable case law, plaintiff's motion is denied for the following reasons.

### I. BACKGROUND

Plaintiff James E. Fulton, III seeks summary judgment as to his bad faith claims against his insurer. Plaintiff alleges that at the time of Hurricane Katrina, on August 29, 2005, he was the owner of property located at 1456 Camp Street, New Orleans, Louisiana. Rec. Doc. 7-2 at 1. Plaintiff claims that Hurricane Katrina caused damage to the property and that LIC adjusted the claim and entered into a settlement for the full sum of $549,936.04. *Id*. at 2. Plaintiff stated that LIC issued checks totaling $377,079.46 in settlement of the pending claim but that the checks they issued became stale. *Id*. Plaintiff alleged that he notified LIC, through his attorney, of his

---

[1] Anna Elsohn Levin, a second year student at Loyola University New Orleans College of Law, assisted in the preparation of this opinion.

request to issue a check for the total amount and that he has yet to receive any funds from LIC in payment of the settlement. *Id*.

Defendant alleges that it, "in fact, paid him all amounts due and owing under the Lexington policy on three separate occasions," except that the checks were never cashed. Rec. Doc. 39 at 6. Defendant claims it sent a first set of checks that Plaintiff never cashed. *Id*. It claims it reissued checks for Coverage A and Coverage B on February 2, 2007 and January 30, 2007 respectively, and that those checks were also never cashed. *Id*. Finally, defendant alleges that an adjuster hand-delivered a third set of checks to Plaintiff on October 27, 2007 and that the third set was not cashed either. *Id*. All of the checks issued under Coverages A and B were made out to plaintiff and to the alleged mortgage holder for the property. *Id*. at 3.

## II. **LAW & ANALYSIS**

Rule 56 of the Federal Rules of Civil Procedure allows a party to move for summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). When a motion for summary judgment is made, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id*.

In *Celotex Corp. v. Catrett*, the Court clarified that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477

U.S. 317, 106 S.Ct. 2548 (1986). The burden is not satisfied with "some metaphysical doubt as to the material facts," *Matsushita Electric Industrial Co. v. Zenith radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), by "conclusory allegations," *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888, 110 S.Ct. 3177, 3189, 111 L.Ed.2d 695 (1990), by "unsubstantiated assertions," *Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994), or by only a "scintilla" of evidence, *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082 (5th Cir. 1994). The evidence required of the nonmoving party does not have to be "in a form that would be admissible at trial," but must simply be "any of the kinds of evidentiary materials listed in Rule 56(c)." *Celotex*, 477 U.S. 317, 324, 106 S.Ct.2548 (1986). Rule 56(c) allows pleadings, discovery, disclosure materials, and affidavits. Fed.R.Civ.P. 56(c).

The Plaintiff has provided an affidavit in which he alleges that "no other person nor entity had any ownership interest in [his] property as of the date of the insured occurrence, August 29th, 2005 " and that "at the time of his last request for re-issuance of checks in payment of the claim [...] the property was not encumbered by any liens whatsoever." Rec. Doc. 18-2 at 1-2.

The Defendant provided a copy of Plaintiff's Mortgage, Rec. Doc. 39-2 at 1, as well as a copy of Plaintiff's Insurance Policy. Rec. Doc. 39-3 at 1. Additionally, Defendant provided a copy of letters sent to Plaintiff regarding the checks that were sent to him and were never cashed, Rec. Doc. 39-4 at 10, Rec. Doc. 39-4 at 11, as well as a copy of a Certificate of Cancellation, Rec. Doc. 39-5 at 1, showing that the Mortgage rendered against Plaintiff for $750,000.00 was cancelled on the 12th of February, 2009.

The Court finds a sufficient issue of material fact exists with regard to whether or not the

3

property at issue was encumbered by a mortgage and therefore whether defendant's listing of the mortgage company on the issued checks was in bad faith.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Rec. Doc. 39) is DENIED.

New Orleans, Louisiana, this 20th day of August, 2009.

                                        **HELEN G. BERRIGAN**
                                        **UNITED STATES DISTRICT JUDGE**