UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| JAMES E. FULTON, a/k/a<br>JAMES E. FULTON, III | CIVIL ACTION |
|---|---|
| VERSUS | NO: 09-3077 |
| LEXINGTON INSURANCE COMPANY | SECTION: "C" (2) |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration,[1] filed by plaintiff James E. Fulton, III ("Fulton"). (Rec. Doc. 70). Defendant Lexington Insurance Company ("LIC") opposes. (Rec. Doc. 75). Based on the record in this case, the memoranda by parties, and the applicable case law, plaintiff's motion is DENIED for the following reasons.

## I. LAW AND ANALYSIS

The facts of this case were set forth by the Court in its Order and Reasons denying Fulton's Motion for Summary Judgment, and will not be repeated herein. (Rec. Doc. 68).

The Court is construing plaintiffs' motion as seeking reconsideration of the Court's order and judgment (Rec. Doc. 68), under Rule 59(e) of the Federal Rules of Civil Procedure. Alteration or amendment of a previous ruling under Rule 59(e) "calls into question the correctness of a judgment." *Tremplet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir.2004).

---

[1] Fulton titled his motion "Motion for New Trial." However, as there has been no trial in this matter, the Court will treat that document as a Motion for Reconsideration under Federal Rule of Civil Procedure 59(e). *See Volvo Truck North America, Inc. v. Crescent Ford Truck Sales, Inc.*, 2009 WL 2496556 (E.D.La. 2009) (Lemelle, J.).

This specific motion serves "the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989) (internal quotations omitted). As such, it must be used sparingly. *Clancy v. Employers Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D.La. 2000). Here, plaintiffs argue that this Court used the wrong date when it determined that there are genuine issues of material fact relevant to determining whether LIC acted in bad faith. (Rec. Doc. 70-2 at 2). The Court disagrees.

Plaintiffs fail to raise any new issue of fact or law, let alone error that would meet the "manifest error" threshold. As noted in LIC's opposition, issues of material fact about the information provided to LIC remain, and the use of the February 18, 2009, date does not change this fact. (Rec. Doc. 75 at 5-6).

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Reconsideration (Rec. Doc. 70) is DENIED.

New Orleans, Louisiana, this 28th day of December, 2009.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**

2